The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72701
Dear Senator Malone:
This is in response to your request for an opinion on the following questions with regard to the collection of delinquent personal property taxes:
 1. May an outside collection agency be retained to assist in the collection of delinquent taxes? If so, may their [compensation] be based on a contingency percentage as is customary?
 2. Would the County be required to solicit bids for these collection services?
 3. Can the expenses of collection be added on the delinquent tax?
 4. Must the County file suit and obtain a judgment before collecting delinquent taxes through means of garnishment or execution?
With regard to your first question, please note that I have enclosed a copy of Attorney General Opinion Number 88-384, wherein it was concluded that while a county tax collector may lawfully put delinquent personal property taxes up for bid for collection (with quorum court approval), a fee system is expressly prohibited under Amendment 55 to the Arkansas Constitution as a basis of compensation. See also A.C.A. §21-6-301. It is my opinion that the answer to the first part of this question is "yes." However, the answer to the second part of your first question is "no." Compensation in the form of a contingency fee would be unconstitutional. See generallyBahil v. Scribner, 265 Ark. 834, 581 S.W.2d 334 (1979).
The answer to your second question is, in my opinion, "no." These services in all likelihood fall within the "personal services" exception under county bidding requirements. See Att'y Gen. Op. No. 90-030 (copy enclosed).[1]
It is my opinion that the answer to your third question is "no." This would arguably result in an unlawful increase in the amount of the tax owing. The county would, in my opinion, be exceeding its statutory authority in authorizing such an increase. See
A.C.A. §§ 14-14-806 and 26-73-103.
With regard to your fourth question, involving garnishment or execution, the procedures for the distraint of goods to pay delinquent personal property taxes and for garnishment are found at A.C.A. §§ 26-36-206 and 26-36-207, respectively. Section26-36-206(c)(1) states:
 The collector is authorized and empowered to levy on and sell the goods and chattels of the person liable for taxes provided, in the same manner and under the same restrictions as goods and chattels are required to be levied and sold under execution on judgment at law, when not inconsistent with the provisions of this subchapter. [Emphasis added.]
The above emphasized language clearly indicates that a judgment is not a prerequisite to the collector's power to levy on and sell goods of persons owing taxes.
With regard to garnishment proceedings, § 26-36-207(b) states:
 If the person should fail or refuse, on demand, to pay over the amount of the tax that he owes to the collector, the collector shall file a statement of the amount of the tax with the person so refusing, which shall operate as a garnishment upon the person so served. The collector shall proceed to collect the taxes in the manner fixed by law in cases of garnishment.
It thus appears that a judgment is not a prerequisite to initiation of garnishment procedures in connection with delinquent taxes.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] With regard to legal services, reference should be made to A.C.A. § 19-11-802 (Cum. Supp. 1991), which specifically prohibits the use of competitive bidding in political subdivisions for the procurement of legal services.